IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAGE TELECOM, INC., § | |
| § | |
| Plaintiff, § | |
| § Civil Action No. 3:22-CV-2737-D | |
| VS. § | |
| § | |
| MERCANTILE ADJUSTMENT § | |
| BUREAU, LLC, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action brought by plaintiff Sage Telecom, Inc. ("Sage") under the Texas Telephone Solicitation Act ("TTSA"), defendant Mercantile Adjustment Bureau, LLC ("Mercantile") moves under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim on which relief can be granted. For the following reasons, the court grants Mercantile's motion and also grants Sage leave to replead.

I

Sage is a telecommunications company that operates a free wireless telephone program through its participation in the Lifeline Program. The Lifeline Program provides discounted Internet and phone service to qualified low-income households. Sage is regulated by the Federal Communications Commission ("FCC") and must report to the government the number and length of phone calls made to members of the Lifeline Program. Sage alleges that Mercantile is a debt collector that makes indiscriminate telephone solicitations to Lifeline members to negotiate and sell off debt.

Sage filed a petition in Texas state court, alleging that Mercantile violated the TTSA by making telephone solicitations to its Lifeline subscribers without first obtaining a registration statement with the Secretary of State, paying a filing fee, and posting a $10,000 security bond, as required under § 302.101 of the Act. Tex. Bus. & Comm. Code Ann. § 302.101 (West 2009). Sage asserts that Mercantile's telephone solicitations place the accuracy of its data reporting to the government at risk and subject Sage to enhanced FCC scrutiny. According to Sage's amended complaint, Sage "brings this action to protect its Lifeline members and itself, and to promote the underlying purpose of the TTSA, namely 'to protect persons against false, misleading, or deceptive practices in the telephone solicitation business.'" Am. Compl. ¶ 6. Mercantile removed the case to this court and then filed a motion to dismiss for failure to state a claim. After Sage amended its complaint, Mercantile filed the instant motion to dismiss, which Sage opposes and the court is deciding on the briefs.

II

In deciding Mercantile's Rule 12(b)(6) motion, the court evaluates the sufficiency of Sage's amended complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss, Sage must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III

### A

Mercantile contends that this lawsuit must be dismissed because Sage has not plausibly pleaded that Mercantile is a seller, that Mercantile made telephone solicitations, and that Sage is a purchaser, as defined by the TTSA. Sage responds that whether these statutory definitions are met cannot be decided on the pleadings because they involve competing views of Mercantile's business practices. Sage maintains that it is sufficient that it has alleged that the purpose behind Mercantile's calls is to negotiate and consummate the sale of a debt.

B

Regardless whether Sage has plausibly pleaded that Mercantile is a seller and that Mercantile made telephone solicitations, Sage has failed to allege that the calls to Lifeline subscribers were "from a location in this state or to a purchaser located in this state," which are essential elements of a TTSA claim. *See* Tex. Bus. & Com. Code Ann. § 302.101(a) (West 2009). Under the TTSA, "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." *Id.* Sage does not allege that Mercantile made telephone solicitations "from a location in this state." *Id.* To plead a plausible claim against Mercantile under the TTSA, Sage must also allege that Sage meets the TTSA's definition of a "purchaser," i.e., "a person who: is solicited to become or becomes obligated for the purchase or rental of an item; or is offered an opportunity to claim or receive an item." *Id.* at § 302.001(3)(A)-(B). Although Sage's amended complaint alleges that at least 187 *Lifeline subscribers* received telephone solicitations from Mercantile, it does not allege *that Sage* itself received a single telephone call. Because Sage has failed to allege that it was the recipient of the alleged telephone solicitations, it has failed to plausibly plead that it was "solicited" or "offered" anything by Mercantile, as required to satisfy the TTSA definition of a purchaser. *See id.*

This court has held that "[t]he complaint need not outline all of the elements of a claim but it must contain enough specificity for an inference to be drawn that the elements of a claim exist." *Chalmers v. Wilhelm*, 2001 WL 1142706, at *1 (N.D. Tex. Sept. 25, 2001)

(Fitzwater, J.) (citing *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir.1990)). Assuming *arguendo* that this conclusion is correct following *Iqbal* and *Twombly*, Sage does not adequately allege in its amended complaint that it is a TTSA purchaser, and the only inference that can reasonably be drawn from the amended complaint is that Lifeline subscribers are purchasers.

Sage ignores this deficiency in it amended complaint even in the face of Mercantile's motion to dismiss, which explicitly points out that Sage has failed to allege that it qualifies as a purchaser under the Act. D. Mot. to Dis. Mem. at 3 (stating that Sage's "Amended Complaint fails to state claim for three reasons," one of which is that it "fails to establish that Defendant made a 'telephone solicitation' . . . to a 'purchaser'"). Instead, Sage responds that it is sufficient that Sage has alleged that the purpose behind Mercantile's calls is to negotiate and consummate the sale of a debt. But while this may be adequate to allege other required elements of the claim, it is not sufficient to plausibly plead that Sage is a TTSA purchaser.

Because Sage has failed to plausibly plead that it is a purchaser, which is an essential element of its claim, the court need not address the parties' additional arguments. The court therefore holds that Sage has failed to state a claim on which relief can be granted and that its TTSA claim must be dismissed under Rule 12(b)(6).

IV

Although the court is dismissing Sage's claim, it will permit Sage to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to

cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that Sage cannot, or is unwilling to, cure the pleading defects the court has identified, the court grants Sage 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

\* \* \*

For the reasons stated, the court grants Mercantile's motion to dismiss and grants Sage leave to file a second amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

April 4, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE